AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
MICLOS MOGODEANU (4)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:25-CR-02555-RSH

Peter Blair
Defendant's Attorney

**USM Number** 03700-512

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s) 1,6,19 of the Indictment

☐ was found guilty on count(s)
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title and Section / Nature of Offense | Count |
|---|---|
| 18:1029(a)(2), (b)(2), 1029(c)(1)(A)(i); 18:982(a)(2)(B), 982(b), 1029(c)(1)(C), 28:2461(c) - Conspiracy to Commit Access Device Fraud | 1 |
| 18:1029(a)(2), (b)(1), 1029(c)(1)(A)(i); 18:2; 18:982(a)(2)(B), 982(b), 1029(c)(1)(C), 28:2461(c) - Use and Attempted Use of Unauthorized Access Devices; Aiding and Abetting | 6 |
| 18:1028A(a)(1); 18:982(a)(2)(B), 982(b), 1029(c)(1)(C), 28:2461(c) - Aggravated Identity Theft; Aggravated Identity Theft | 19 |

The defendant is sentenced as provided in pages 2 through **10** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) Remaining counts are dismissed on the motion of the United States.

☒ Assessment : $100.00 as to each count 1,6, 19 for a total of $300.00 imposed
–

☐ JVTA Assessment*: $
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine ☒ Forfeiture pursuant to order filed 8/20/2026 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 21, 2026
Date of Imposition of Sentence

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
6 months as to each count 1 and 6 to run concurrently and 24 months as to count 19 to run consecutively for a total of 30 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

Residential Drug Abuse Program (RDAP)
Incarceration in Indiana to facilitate family visits

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

- ☐ at ______________ A.M. on ______________________________
- ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ on or before
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________________

at ______________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MICLOS MOGODEANU (4)
CASE NUMBER: 3:25-CR-02555-RSH



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years as to each count 1, 6, 19 to run concurrently for a total of 3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

## RESTITUTION

Pay restitution in the amount of at least $572,320.32 to California Department of Social Services Cal WORKS EBT Theft Restitution through the Clerk, U. S. District Court. Payment of restitution shall be forthwith. During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during his supervised release at the rate of $250 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Restitution is to be paid to the following victim:

California Department of Social Services
Cal WORKS EBT Theft Restitution
Attn: Cashiering
744 P Street
Sacramento, CA 95814

The defendant shall be jointly and severally liable to pay restitution with co-defendants/co-conspirators as listed in their plea agreements. Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICLOS MOGODEANU (4),<br>Defendant. | Case No. 25-CR-2555-RSH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in all properties of Defendant MICLOS MOGODEANU ("Defendant"), pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b), and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c) as any property constituting and derived from proceeds the conspiracy obtained directly and indirectly from the offenses, and any personal properties used and intended to be used in commission of the offenses set forth in Counts 1 through 7 of the Indictment in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(2), (b)(1), (c)(1)(A)(i), and Section 2; and

WHEREAS, on or about May 28, 2026, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to the offenses set forth in Counts 1, 6, and 19 of the Indictment, charging the defendant with Conspiracy to Commit Access Device Fraud in violation of Title 18, United States Code, Sections, 1029(a)(2), (b)(2) as set forth in Count 1 of the

Indictment, and 1029(c)(1)(A)(i), Use and Attempted Use of an Unauthorized Access Devices in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and (C)(1)(A)(i) as set forth in Count 6 of the Indictment, and Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028(a)(1) as set forth in Count 19, consented to the forfeiture allegations of the Indictment, and agreed to forfeit all properties seized in connection with this case pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b), and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c), including but not limited to the following:

a. Deep Insert Skimmers (inventoried as 1B56, 1B55, 1B51, 1B48, 1B46, 1B44, 1B43, 1B42, 1B40, 1B34, 1B27, and 1B26);

b. Overlay Skimmers (inventoried as 1B57, 1B50, and 1B40);

c. Pinhole Cameras (inventoried as 1B51, 1B49, 1B41, 1B39, and IB28);

d. Micro SD Cards (inventoried as 1B51, 1B49, 1B44, 1B43, 1B41, IB39, and 1B28); and

WHEREAS, on June 16, 2026, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the properties and the offenses; and,

WHEREAS, by virtue of the guilty pleas to Counts 1 and 6, the Court finds the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant to Counts 1 and 6 of the Indictment, the United States is hereby authorized to take custody and control of the following properties, and all right, title and interest of Defendant MICLOS MOGODEANU in the properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b) and 1029(c)(1)(C) and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a. Deep Insert Skimmers (inventoried as 1B56, 1B55, 1B51, 1B48, 1B46, 1B44, 1B43, 1B42, 1B40, 1B34, 1B27, and 1B26);

b. Overlay Skimmers (inventoried as 1B57, 1B50, and 1B40);

c. Pinhole Cameras (inventoried as 1B51, 1B49, 1B41, 1B39, and IB28); and

d. Micro SD Cards (inventoried as 1B51, 1B49, 1B44, 1B43, 1B41, IB39, and 1B28).

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation ("FBI") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 8/20/26

Robert S. Huie

Honorable Robert S. Huie
United States District Judge